[Dkt. Ents. 4, 6]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

**CAMDEN VICINAGE**

| | |
|---|---|
| NICOLE PANARELLO, <br><br> Plaintiff, <br><br> v. <br><br> THE BANK, et al., <br><br> Defendants. | Civil No. 11-5207 RMB/KMW <br><br> **MEMORANDUM ORDER** |

THIS MATTER comes before the Court upon two motions: (1) a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), by the named defendants, The Bank and Fulton Financial Corporation (the "Defendants") [Dkt. Ent. 4]; and (2) a cross-motion by plaintiff Nicole Panarello ("Plaintiff") for leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a) [Dkt. Ent. 6].  For the reasons set forth below, the Court grants Plaintiff's cross-motion and denies Defendants' motion as moot.

Defendants generally contend that Plaintiff has failed to properly plead her federal causes of action, namely, claims arising under the Family and Medical Leave Act and the Americans With Disabilities Act.  Defendants also aver that Plaintiff's

1

state law claims are deficient.  Plaintiff opposes Defendants'

motion and seeks permission to amend her Complaint pursuant to

Federal Rule of Civil Procedure 15(a).  Plaintiff also requests

that this matter be remanded in the event that the Court

dismisses the federal causes of action.  (Pl.'s Opp. Br. 6.)  She

vaguely asserts that her state law claims are sufficient to

proceed, that in the alternative, she should be allowed to amend

her Complaint, and that this matter should be remanded to the

Superior Court of New Jersey.  (<u>Id.</u>)

    The Court cannot determine whether Plaintiff seeks to amend

her Complaint so as to exclude her federal claims and have this

case remanded to the Superior Court of New Jersey.  Such an

amendment would call into question this Court's subject-matter

jurisdiction, a matter over which this Court must always be

vigilant.  <u>See</u> <u>Martin v. Wal-Mart Stores, Inc.</u>, 709 F. Supp. 2d

345, 349 (D.N.J. 2010) (recognizing "the mandate that federal

courts be vigilant in questioning their subject-matter

jurisdiction"); 13 Charles Alan Wright & Arthur R. Miller, et

al., <u>Federal Practice and Procedure</u> § 3522 (3d ed. 2011) (noting

that "[f]ederal courts are courts of limited jurisdiction," and

if a federal court entertains a case that is not within its

jurisdiction, this is "no mere technical violation; it is nothing

less than an unconstitutional usurpation of state judicial

power").  In light of this concern and the fact that leave to

amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court will grant Plaintiff's motion for leave to amend the Complaint.[1]  In the event the Amended Complaint no longer pleads federal claims, the Court will consider the issue of remand.  Otherwise, Plaintiff's Amended Complaint shall address any deficiencies identified in Defendants' moving papers.

ACCORDINGLY, IT IS on this **1st** day of **December 2011**, hereby

**ORDERED** that the Plaintiff's motion for leave to amend the Complaint [Dkt. Ent. 6] pursuant to Federal Rule of Civil Procedure 15(a) is **GRANTED** and Plaintiff shall file her Amended Complaint on or before **December 30, 2011**; and it is further

**ORDERED** that Defendants' motion to dismiss the Complaint [Dkt. Ent. 4] is **DENIED as moot**; and it is finally

**ORDERED** that the oral argument scheduled for **December 8, 2011**, is **cancelled**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

[1] The Court notes that Plaintiff could have amended the Complaint as a matter of course within 21 days of the filing of Defendants' motion on September 29, 2011.  See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."). Since she filed her motion to amend on October 21, 2011, 22 days after Defendants' motion was filed, she may only amend with Defendants' consent or with leave of Court.  See Fed. R. Civ. P. 15(a)(2).